UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

VINCENT DEPINTO,

                              Plaintiff,

-against-

CITY OF NEW YORK, STEVEN SPOSITO, Individually, MICHAEL FRIEDMAN, Individually, MATTHEW FRIED, Individually, STEPHEN RIVAS, Individually, MATHEW REICH, Individually, MICHAEL LOPRESTI, Individually, DAVID COURTIEN, Individually, and JOHN and JANE DOE 1 through 10, Individually (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                              Defendants.

----------------------------------------------------------------------X

**AMENDED COMPLAINT**

12 CV 6321
(MKB) (MDG)

<u>Jury Trial Demanded</u>

Plaintiff VINCENT DEPINTO, by his attorneys, Leventhal & Klein, LLP, complaining of the defendants, respectfully alleges as follows:

### Preliminary Statement

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States. Plaintiff also asserts supplemental state law claims.

### JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. Plaintiff also asserts supplemental state law claims.

3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6. Plaintiff VINCENT DEPINTO is a twenty-five year old man residing in Staten Island, New York.

7. Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9. That at all times hereinafter mentioned, the individually named defendants, JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11. Each and all of the acts of the defendants alleged herein were done by said

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12. On September 23, 2011, at approximately 7:00 p.m., plaintiff VINCENT DEPINTO was arrested inside of 561 Rathbun Avenue, Staten Island, New York, placed in severely over tight handcuffs, and forced to remain in said over tight handcuffs for a prolonged period of time, resulting in injuries.

13. Defendant police officers STEVEN SPOSITO, MICHAEL FRIEDMAN, MATTHEW FRIED, STEPHEN RIVAS, MATHEW REICH, MICHAEL LOPRESTI, DAVID COURTIEN, and JOHN and JANE DOE 1 through 10 were present during plaintiff's arrest and handcuffing, and/or during plaintiff's transport to the New York City Police Department's 120th precinct stationhouse, and/or during his continued confinement at said precinct.

14. As detailed below, plaintiff's injuries, and the related pain and discomfort, occurred as a result of the defendant officers STEVEN SPOSITO, MICHAEL FRIEDMAN, MATTHEW FRIED, STEPHEN RIVAS, MATHEW REICH, MICHAEL LOPRESTI, DAVID COURTIEN, and JOHN and JANE DOE 1 through 10's actions in either directly participating in the over tight handcuffing, or in failing to intervene on plaintiff's behalf despite the fact that they were aware through plaintiff's repeated complaints that the handcuffs were too tight and could have intervened by loosening plaintiff's handcuffs.

15. Immediately after being placed in handcuffs, plaintiff complained to the defendant officers present inside of 561 Rathbun Avenue that the handcuffs were tight and causing him pain, and requested that the officers loosen the handcuffs.

16. Despite plaintiff's request, the defendant officers present inside of 561 Rathbun

Avenue refused to loosen, examine, or otherwise inspect plaintiff's handcuffs. Rather, a defendant officer stated in sum and substance: "You're a tough guy, you can handle it."

17.   Thereafter, plaintiff was detained at the location for approximately twenty minutes, before he was imprisoned in a police vehicle.

18.   While inside the police vehicle, plaintiff again complained that his handcuffs were too tight and that he was suffering from severe pain and numbness in his hands and wrists from the handcuffs.

19.   The defendant officers present in the police vehicle again refused to loosen, examine, or otherwise inspect plaintiff's handcuffs, stating in sum and substance, in response, "No you can handle it, you'll be ok, you're fine."

20.   While the defendant officers were driving, plaintiff's handcuffs tightened even further, because, upon information and belief, the defendant officers failed to properly lock the handcuffs in a fixed position.

21.   Throughout the time plaintiff was imprisoned in the police vehicle, he repeatedly complained to the defendant officers in the van that the handcuffs were cutting off his circulation and causing numbness, causing severe pain, and were getting even tighter. Plaintiff stated that he couldn't take the pain any longer and pleaded with the defendant officers to re-cuff him and to properly lock the handcuffs.

22.   In response, the officers told plaintiff, in sum and substance, "shut the fuck up or we will make it even worse."

23.   After approximately thirty-five minutes, the officers arrived at the 120th Police Precinct and removed plaintiff from the police vehicle by grabbing his handcuffs, causing them to tighten even further.

24. The transporting defendant officers brought plaintiff in front of the desk sergeant in the lobby of the 120th precinct and again, while in the presence of a police supervisor, plaintiff complained about the severe pain and numbness caused by the handcuffs and requested that the handcuffs be loosened. In response, a defendant officer stated, in sum and substance, that another few minutes would not kill him.

25. After approximately another twenty-five minutes at the precinct, and repeated requests that the officers present in the precinct remove or loosen his handcuffs, plaintiff's handcuffs were finally removed.

26. As a result of plaintiff's prolonged and over tight handcuffing by defendants, plaintiff experienced pain and swelling to his wrists.

27. After his release from custody, plaintiff sought emergency treatment for wrist pain on September 30, 2011.

28. Plaintiff was subsequently diagnosed with injuries to his right wrist including, but not limited to, lunate dorsal tilt with scapholunate ligament interval widening; bilateral radial abrasions; bilateral hand/finger numbness; bilateral wrist pain, bruising, and swelling.

29. Plaintiff received additional orthopedic treatment for continuing right wrist pain and left elbow pain. Plaintiff's right wrist injuries were confirmed to include, but not limited to, dorsal lunate subluxation, an 8 mm ganglion cyst at the volar aspect of his radioscaphocapitate ligament, and hyperintense signal change with mild enlargement of median nerve, which could represent carpal tunnel syndrome. Plaintiff was placed in a thumb spica cast for approximately one month. After removal, plaintiff was diagnosed with a probable chronic scapholunate ligament injury.

30. All of the above occurred as a direct result of the unconstitutional policies,

customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees.

31. The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK's Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding proper handcuffing procedures, and further that they ignore medical complaints of prisoners, including complaints of tight handcuffing; and that they otherwise leaving handcuffs in a tight position to show who's boss or to punish prisoners.

32. Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiff's civil rights.

33. Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

34. As a result of the foregoing, plaintiff VINCENT DEPINTO sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

### Federal Claims

## AS AND FOR A FIRST CAUSE OF ACTION
### (Deprivation of Rights Under 42 U.S.C. § 1983)

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

37. All of the aforementioned acts deprived plaintiff VINCENT DEPINTO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

38. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

40. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

41. As a result of the foregoing, plaintiff VINCENT DEPINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive

damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
(Excessive Force under 42 U.S.C. § 1983)

42. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. The level of force employed by defendants was excessive, objectively unreasonable and otherwise in violation of plaintiff VINCENT DEPINTO'S constitutional rights.

44. As a result of the aforementioned conduct of defendants, plaintiff VINCENT DEPINTO was subjected to excessive force and sustained serious physical injuries and emotional distress.

45. As a result of the foregoing, plaintiff VINCENT DEPINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47. Defendants had an affirmative duty to intervene on behalf of plaintiff VINCENT DEPINTO, whose constitutional rights were being violated in their presence by other officers.

48. The defendants failed to intervene to prevent the unlawful conduct described herein.

# (continued)

49. As a result of the foregoing, plaintiff VINCENT DEPINTO was subjected to excessive force and he was put in fear of his safety.

50. As a result of the foregoing, plaintiff VINCENT DEPINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

53. As a result of the foregoing, plaintiff VINCENT DEPINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "53" with the same force and effect as if fully set forth herein.

55. Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

56. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, using excessive force against individuals, including, without limitation, excessively tight handcuffing, and ignoring individuals' complaints that handcuffs are too tight, or otherwise leaving handcuffs in a tight position to show who's boss or to otherwise punish prisoners.

57. In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff VINCENT DEPINTO's rights as described herein. As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

58. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff VINCENT DEPINTO.

59. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff VINCENT DEPINTO as alleged herein.

60. The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff VINCENT DEPINTO as alleged herein.

61. As a result of the foregoing customs, policies, usages, practices, procedures and

rules of the City of New York and the New York City Police Department, plaintiff VINCENT DEPINTO was subjected to excessive force and deliberate indifference.

62. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff VINCENT DEPINTO'S constitutional rights.

63. All of the foregoing acts by defendants deprived plaintiff VINCENT DEPINTO of federally protected rights, including, but not limited to, the right:

    A. To be free from excessive force; and

    B. To be free from the failure to intervene.

64. As a result of the foregoing, plaintiff VINCENT DEPINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## Supplemental State Law Claims

65. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66. Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

67. The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more then thirty (30) days have elapsed since the presentation of such claim as aforesaid.

68. This action was commenced within one (1) year and ninety (90) days after the

cause of action herein accrued.

69.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

70.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

71.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "70" with the same force and effect as if fully set forth herein.

72.     As a result of the foregoing, plaintiff VINCENT DEPINTO was placed in apprehension of imminent harmful and offensive bodily contact.

73.     As a result of defendant's conduct, plaintiff VINCENT DEPINTO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

74.     As a result of the foregoing, plaintiff VINCENT DEPINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

75.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "74" with the same force and effect as if fully set forth herein.

76.     Defendants made offensive contact with plaintiff VINCENT DEPINTO without privilege or consent.

77. As a result of defendants' conduct, plaintiff VINCENT DEPINTO has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

78. As a result of the foregoing, plaintiff VINCENT DEPINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN EIGHTH CAUSE OF ACTION**
(Intentional Infliction of Emotional Distress under the laws of the State of New York)

79. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "78" with the same force and effect as if fully set forth herein.

80. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

81. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

82. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

83. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiff VINCENT DEPINTO.

84. As a result of the aforementioned conduct, plaintiff VINCENT DEPINTO suffered emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

85. As a result of the foregoing, plaintiff VINCENT DEPINTO is entitled to

compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A NINTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

86. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraph numbered "1" through "85" with the same force and effect as if fully set forth herein.

87. Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiff VINCENT DEPINTO.

88. Defendant CITY OF NEW YORK knew, or should have know in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

89. As a result of the foregoing, plaintiff VINCENT DEPINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

90. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "89" with the same force and effect as if fully set forth herein.

91. Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who subjected plaintiff to over tight handcuffs.

92. As a result of the foregoing, plaintiff VINCENT DEPINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Negligence/Gross Negligence under the laws of the State of New York)

93. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "92" with the same force and effect as if fully set forth herein.

94. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence, and/or the conscious and voluntary disregard of the need to use reasonable care, of defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

95. As a result of the foregoing, plaintiff VINCENT DEPINTO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TWELFTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

96. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "95" with the same force and effect as if fully set forth herein.

97. Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

98. As a result of the foregoing, plaintiff VINCENT DEPINTO is entitled to

compensatory damages in amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff VINCENT DEPINTO demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)  full and fair compensatory damages in an amount to be determined by a jury;

(B)  punitive damages against the individual defendants in an amount to be determined by a jury;

(C)  reasonable attorneys' fees and the costs and disbursements of this action; and

(D)  such other and further relief as appears just and proper.

Dated: Brooklyn, New York
September 17, 2013

                LEVENTHAL & KLEIN, LLP
                Attorneys for Plaintiff VINCENT DEPINTO
                45 Main Street, Suite 230
                Brooklyn, New York 11201
                (718) 722-4100

By: _____
      BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

VINCENT DEPINTO,

                                             Plaintiff,

                                        12 CV 6321
    -against-                                        (MKB) (MDG)

CITY OF NEW YORK, STEVEN SPOSITO, Individually,
MICHAEL FRIEDMAN, Individually, MATTHEW FRIED,
Individually, STEPHEN RIVAS, Individually, MATHEW REICH,
Individually, MICHAEL LOPRESTI, Individually, DAVID
COURTIEN, Individually, and JOHN and JANE DOE 1 through
10, Individually (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                                           Defendants.

------------------------------------------------------------------------------X

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiff
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100